**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD ALONZO,<br><br>Plaintiff,<br><br>-against-<br><br>IDAHOAN FOODS, LLC,<br><br>Defendants. | CIVIL ACTION NO.:<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Defendant Idahoan Foods, LLC ("Idahoan Foods"), hereby removes the above-entitled action to this Court based upon the supporting grounds set forth below. This Notice of Removal is based on this Court's original jurisdiction over this matter under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Idahoan Foods, appearing solely for the purpose of this Removal and for no other purpose, and preserving all defenses available, including, without limitation, jurisdictional defenses, states as follows:

## THE REMOVED CASE

1. On or about December 14, 2025, an action was commenced in the Supreme Court of the State of New York, County of New York, Index No. 166090/2025, captioned *Richard Alonzo v. Idahoan Foods LLC*. Copies of all process, pleadings and orders that Idahoan Foods received, including Plaintiff's Summons and Complaint ("Complaint"), are annexed hereto as **Exhibit A**, pursuant to 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

2. According to an affidavit filed with the State Court, Idahoan Foods was served with a copy of the Complaint on February 18, 2026.

3. Removal is thus timely filed under 28 U.S.C. § 1446(b) because it is being filed within 30 days of service of a copy of the annexed Complaint.

**REMOVAL IS PROPER PURSUANT TO CAFA**

4. CAFA vests federal district courts with original jurisdiction over any putative class action where: a) the putative class has more than 100 members; b) the parties are minimally diverse; and c) the amount in controversy excessed $5,000,000. *See* U.S.C. § 1332(d); *Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 249 (S.D.N.Y. 2013) (discussing CAFA jurisdictional requirements). There is "no antiremoval presumption attend[ing] cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). This action satisfies all of CAFA's requirements and removal is therefore proper.

5. With respect to the number of members in the putative class, Plaintiff alleges that "[t]he class is sufficiently numerous, because the Product has been sold throughout the State [of New York]." Complaint ¶ 52. Thus, and as further explained below, CAFA's minimum threshold for the size of the putative class is satisfied.

6. Minimal diversity requires only that at least one class member be diverse from at least one defendant. *See Hart v. Rick's NY Cabaret Int'l, Inc.*, 967 F. Supp. 2d 955, 960 (S.D.N.Y. 2014). Here, Plaintiff is a citizen of New York and resident of New York County. *See* Complaint ¶¶ 27, 28. Idahoan Foods is a Delaware limited liability company with a principal place of business in Idaho. *See* Complaint ¶ 29. Therefore, CAFA's minimal diversity requirement is satisfied.

7. When determining whether the matter in controversy exceeds five million dollars, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(2). Proving the amount in controversy exceeds the CAFA threshold "is not a heavy burden," as "a party need only show to a reasonable probability that the aggregate claims exceed $5 million." *Metcalf v. TransPerfect Translations Int'l, Inc.*, 632 F. Supp. 3d 319, 325 (S.D.N.Y. 2022) (citation and marks

omitted). In addition to economic and non-economic damages, it is appropriate for the court to include in its calculation attorneys' fees. *Id.* at 326–27.

8. Here, Plaintiff seeks to recover damages under the General Business Law ("GBL"), Sections 349 and 350, for allegedly being deceived into purchasing Idahoan Foods' four ounce bags of instant mashed potatoes branded as "Butter & Herb Mashed Potatoes" or as "Russet Potatoes with Butter & Parsley," because he thought such branding conveyed that "butter will be a significant ingredient." Complaint ¶ 15. As a result, Plaintiff claims that he paid a higher price for the products than he would have had the purported representations about the butter content in the products been made in a "non-misleading way." Complaint ¶ 19. In addition to the difference between what he paid and what he should have paid for the product, Plaintiff seeks an award of attorneys' fees.

9. Plaintiff seeks to represent all New Yorkers who purchased the products "during the statutes of limitations." Complaint ¶ 45. The applicable statutes of limitations for claims under GBL Sections 349 and 350 is three years. *See* CPLR 214(2). Assuming the Complaint survives a motion to dismiss and the Court certifies a class within the next twelve months, the putative class would include New Yorkers who purchased the products during the period December 14, 2023 - March 20, 2027 (the "Full Damages Period").

10. Idahoans Foods' records indicate that over the past three (3) years, retail sales of its Butter & Herb and Buttery Homestyle products in New York have totaled approximately $33.8 million. *See* Declaration of Matthew Ryan Ellis, attached hereto as **Exhibit B**. Those sales of approximately $11.26 million annually are expected to continue through 2026 and 2027. *Id.* Idahoan Foods estimates that it will have sold in excess of $36.6 million of the products in New York during the Full Damage Period. *Id.* While Idahoan Foods does not have records on the number of New Yorkers who purchased or will purchase the products, it believes in good faith that the number of

potential members of the putative class easily exceeds 10,000 given the volume of sales and that the products retail for less than $2.00 each. *Id.*

11. Even assuming, *arguendo*, that the difference in value between what Plaintiff paid for the product and what he alleges he should have paid is a mere 15%, the amount potentially at issue for economic damages alone is approximately $5.5 million, or well above the $5,000,000 CAFA threshold.

12. In addition, because Plaintiff seeks an award of attorney's fees, the total amount in controversy could easily exceed $6.5 million, exclusive of interest and costs, and thus, federal court adjudication of this action is appropriate. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court").

**VENUE IS PROPER**

13. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Southern District of New York is the federal judicial district embracing the Supreme Court of the State of New York, County of New York, where the underlying state court action was originally filed.

**CONCLUSION**

14. As set forth above, this Court has original jurisdiction over this matter pursuant to CAFA because the case is a putative class action involving diverse parties, more than 100 class members, and damage claims in excess of $5,000,000. Idahoan Foods submits this Notice of Removal without waiving any defenses to Plaintiff's claims, without conceding liability, fault, damages, or that Plaintiff has pled a claim upon which relief could be granted, and expressly

preserving all defenses to the Class Action Complaint, including that the matter is not appropriate for class resolution.

15. Idahoan Foods will file a copy of this Notice of Removal in the Supreme Court, County of New York, and will promptly thereafter serve a copy of the same upon the other parties to this action pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Idahoan Foods hereby give notice that the above-captioned action commenced in the Supreme Court of the State of New York, County of New York, has been removed to this Court.

Dated: New York, New York
March 20, 2026

By: ______________________________
Ryan M. Jerome
**SAUL EWING LLP**
1270 Avenue of the Americas, Suite 2800
New York, New York 10020
T: (212) 980-7200
F: (212) 980-7209
ryan.jerome@saul.com
*Attorneys for Defendant Idahoan Foods, LLC*